# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

## EXEMPTION ORDER FROM GENERAL ORDER 25-06

All cases assigned to me are hereby exempted from the court's General Order 25-06 staying all pending and future civil cases in which the federal government is represented by an attorney from this district's U.S. Attorney's Office until the Department of Justice receives further appropriations.

I take this approach for two main reasons. First, I wish to give opposing parties the opportunity to respond in a given case before entering a stay, rather than requiring them to move to lift an entered stay. Both approaches are sensible; the question is which default rule to select. I simply prefer not to enter a stay without further process up front. All parties, including the federal government, are required to find the means to continue their participation in litigation on a timely basis. Without hearing from opposing parties as to any prejudice to them from a stay, I am not prepared to weigh how the federal government's possible default in its duties should affect case management. Moreover, some cases can progress without action by a government litigator. I also prefer to effectuate notice of a governmental stay request by docketing it in a particular case.

Second, I am unsure that government civil litigation is precluded. Even if such personnel matters were mine to decide, which I doubt, I am unaware whether government staff may be exempt employees or able to work due to the Government Employee Fair Treatment Act of 2019, 31 U.S.C. § 1341(c). But personnel matters strike me as the government's to make. And the Justice Department views a court order denying a stay of proceedings during a lapse in appropriations as "express legal authorization for" continued use of resources. U.S. Department of Justice FY 2026 Contingency Plan at 3 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl. I note that both of our reviewing courts of appeals are continuing with their cases. U.S. Court of Appeals for the Fifth Circuit, *Fifth Circuit Will Continue Case Operations During any Lapse in Appropriations or Shutdown*, https://www.ca5.uscourts.gov/ ("Parties remain obligated to comply with the filing requirements of the Federal Rules of Appellate Procedure and this court's Local Rules."); U.S. Court of Appeals for the Federal Circuit, *Operations in the Absence of an Appropriation or Continuing Resolution*, Admin. Order No. 2026-01 (Oct. 1, 2025) ("The court will not entertain any motions for extension based solely on a lapse in appropriations."). I elect to do the same as a default rule.

For those reasons, cases assigned to me are exempt from General Order 25-06.

So ordered.

                                                                                                                                                                                 */s/ J. Campbell Barker*
                                                                                                                                                                                J. CAMPBELL BARKER
                                                                                                                                                                                UNITED STATES DISTRICT JUDGE